APPEAL OF FRANCIS COOLEY HALL ET AL., EXECUTORS OF THE WILL OF GEORGE A. HALL, DECEASED.

Docket No. 3276.  Submitted July 8, 1925.  Decided October 20, 1925.

Evidence *held* insufficient to prove that a bequest claimed as a deduction was made to an educational organization.

*R. K. Slaughter, C. P. A.*, for the taxpayer.
*Frank T. Horner, Esq.*, for the Commissioner.

Before STERNHAGEN, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from a deficiency determination of $65.83 in estate tax, alleged by the taxpayer to arise from the disallowance by the Commissioner as a deduction, under section 403 (a) (3) of the Revenue Act of 1921, of the amount of a bequest to the Alpha Chi Corporation of Chi Psi. Under a stipulation of counsel, three affidavits previously filed by the taxpayer were admitted in evidence. No oral testimony was offered. A motion was made on behalf of the Commissioner to dismiss the appeal on the ground that the evidence was insufficient.

FINDINGS OF FACT.

The taxpayers are the executors of the estate of George A. Hall, deceased, under a will duly probated in Massachusetts. The decedent died November 19, 1922.

The decedent in his will made a bequest to the Alpha Chi Corporation of Chi Psi (hereinafter called the corporation), but evidence as to the amount thereof has not been submitted to the Board.

The Alpha Chi Corporation of Chi Psi is a corporation formed November 17, 1882, under a general law of the Commonwealth of Massachusetts, providing for the incorporation of associations for educational purposes. Alpha Chi is a chapter at Amherst College of the Chi Psi Fraternity. The expressed purposes of the corporation are:

The promotion of education and morality within this Commonwealth, the association and accommodation of a society of literary and educational character and purpose, and the maintenance of a hall for the meetings, libraries, etc., of said society.

Since its organization the sole activity of the corporation has been to provide and maintain a chapter house at Amherst College for the use of students composing the active chapter of undergraduates, all of whom are in attendance at the college. The first chapter house (known as "The Lodge") was built in 1884 and maintained until 1922, when it was torn down to make room for a new and larger house, which is now approaching completion. The new house is to be used for the same purposes as its predecessor. The corporation owns the building and the land.

The corporation is distinct from the student group which occupies the building for rental. This group is composed of students who are in attendance at the college, and constitute a chapter of the fraternity. The corporation is composed of the alumni of the college who are members of the Chi Psi Fraternity.

The funds for the purchase of the land and the erection of the improvements were contributed by alumni of the college, who have been members of the active chapter of the fraternity, and their friends and parents, or families of students. The property is maintained out of the rentals and contributions by alumni.

The group of students occupying the house is a self-governing body, subject in a degree to supervisory regulation by the college and the corporation. The current activities of the corporation are conducted by alumni, who volunteer for the purpose and receive no compensation for their services.

The corporation has no capital stock; it is not operated for profit; has never realized any gain, and has no surplus. None of its officers receives a salary and no dividends or returns are paid to any of its members.

In "The Lodge" were rooms for members of the fraternity from the upper classes of the college, public rooms, a library, and a lodge room in which the regular meetings of the chapter, which include literary features, were held. The house affords opportunity for social intercourse among alumni at commencement time and on other occasions when there are gatherings at the college. These social features are occasional and incidental.

DECISION.

The determination of the Commissioner is approved.

OPINION.

STERNHAGEN : The taxpayer introduced in evidence, with the consent of counsel for the Commissioner, several affidavits of persons who purported to be somewhat familiar with the nature and activities of this corporation. The statements of fact contained in these affidavits are not, however, sufficient to enable us to decide whether the corporation comes within the statutory designation of an educational organization. It may be noted in passing that, even although the amount were found to be deductible, there is in the record no evidence of the amount of the bequest.